UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
MYERS, THEADORE W § Case No. 09-26100 PSH
MYERS, CATHY J §
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

  Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GUS A. PALOIAN, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

  The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
    CLERK OF THE COURT
    UNITED STATE BANKRUPTCY COURT
    219 S. DEARBORN STREET
    CHICAGO, IL  60604

  Any person wishing to object to any fee application that has not already been approved, or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objection upon the trustee, any party whose application is being challenged, and the United State Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at:   10:30 A.M. ON THURSDAY, DECEMBER 15, 2011

    United States Bankruptcy Court
    COURTROOM 682
    219 S. Dearborn Street
    Chicago, IL  60604

Date Mailed: _____    By: Kenneth S. Gardner_____
                   Clerk of the Court

GUS A. PALOIAN, TRUSTEE
131 S. DEARBORN
SUITE 2400
CHICAGO, IL 60603

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
MYERS, THEADORE W § Case No. 09-26100 PSH
MYERS, CATHY J §
§
Debtor(s) §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment | |
|---|---|---|---|---|
| Trustee Fees: GUS A. PALOIAN, TRUSTEE | $ | $ | $ | |
| Attorney for Trustee Fees: SEYFARTH SHAW | $ | $ | $ | |
| Attorney for Trustee Expenses: SEYFARTH SHAW | $ | $ | $ | |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD. | $ | $ | $ | |
| Other: International Securities, LTD | $ | $ | $ | |
| Other: Theadore & Cathy Myers | $ | $ | $ | * |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

* Payment is being made to Debtors on account of their claimed and allowed personal property exemption in the proceeds of the sale of the stock sold by the Trustee

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Illinois Department of Revenue | $ | $ | $ |

Total to be paid to priority creditors            $_____

Remaining Balance                                $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Yellow Book USA (MPM) | $ | $ | $ |
| 000002 | Algimantas Gailevicius | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                                                $_____

Tardily filed claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | Valpak of Chicago South/NWI | $ | $ | $ |
| 000004B | Illinois Department of Revenue | $ | $ | $ |

Total to be paid to tardy general unsecured creditors      $_____

Remaining Balance      $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/_____

GUS A. PALOIAN, TRUSTEE
131 S. DEARBORN
SUITE 2400
CHICAGO, IL 60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.